## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HOT SPRINGS DIVISION

**JEFFREY A.  COX**                                                                                                                    **PLAINTIFF**

**v.**                                          **CIVIL No.: 6:09-cv-6069**

**PRESTON GLENN, *et al.***                                                                                            **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Now before the Court is Defendants' Motion to Dismiss.  ECF No. 26.  Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  ECF No.  1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Robert T.  Dawson, United States District Judge for the Western District of Arkansas.  For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss, ECF No.  26,  be **GRANTED** and the Complaint, ECF No. 1, **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

### I.      BACKGROUND

Defendants filed a Motion for Summary Judgment on May 10, 2011.  ECF No.  22.  On that same date, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment, or if he would prefer to file his own response.  ECF No.  25.  Plaintiff was directed to return the Notice on or before June 3, 2011, or his case "will be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action."  *Id.*

As of the date of the entry of this Report and Recommendation, no mail has been returned to the Court and Plaintiff has not returned his Notice, filed any response to the Motion for Summary

Judgment, or corresponded with the Court in any manner.

## II.    APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (*quoting Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III.    DISCUSSION

Plaintiff was given until June 3, 2011, to return his Notice to the Court.  ECF No. 25. Plaintiff did not seek additional time beyond the June 3, 2011 deadline.  Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Order directing him to file the Notice.

Plaintiff was specifically cautioned in the Order directing him to complete the Notice that failure to return a completed Notice within the required time-frame could result in a summary dismissal of his case for failure to obey an Order of the Court.  *Id.*  Moreover, the docket reflects that Plaintiff has received and had the opportunity to respond to the Motion to Dismiss, but has chosen not to do so.  Accordingly, this case should be dismissed for failure to follow a Court Order and failure to prosecute.

IV.     CONCLUSION

For the forgoing reasons I recommend Defendants' Motion to Dismiss, ECF No.  26, be **GRANTED**, the above-styled case be **DISMISSED for failure to prosecute and failure to follow a Court Order, and that all pending motions be likewise terminated.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 27th day of October 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE